The Commonwealth of Pennsylvania, for use of Ethelinda Brainerd, Administratrix of S. M. Brainerd, deceased, Cynthia Allen and others, *v.* A. C. McGovern and D. M. Brainerd, Appellants.

*Decedent's estate—Principal and surety—Sureties of administrator.*

Real estate of a decedent was sold by an administrator for payment of debts and in distribution of the balance the widow's interest was ordered by the court "to be retained by the administrator, during the lifetime of the widow and at her death to be paid to the persons entitled, and that the widow should be paid interest annually during her lifetime." On the death of the widow the administrator was found to be insolvent. *Held,*

that the sureties of the administrator were liable to the parties entitled to the fund, no new obligations having been imposed in excess of the administrator's original responsibility.

Argued Jan. 19, 1897. Appeal, No. 33, Jan. T., 1897, by defendants, from judgment of C. P. Bradford Co., Sept. T., 1896, No. 68, for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit on surety bond. Before DUNHAM, P. J., of the 45th judicial district, specially presiding.

It appears from the record that F. P. Cooper was duly appointed administrator of the estate of M. C. Brainerd, with A. C. McGovern and D. M. Brainerd as his sureties upon a bond, the conditions of which were as follows : " Whereas the above bounden F. P. Cooper, administrator of A. C. Brainerd, late of Litchfield, county of Bradford and state of Pennsylvania, deceased, is about to apply to the Orphans' Court of said county for an order to make sale of the real estate of said A. C. Brainerd, deceased : Now, therefore, the condition of the above obligation is such that, if the said court shall make the said order, and said F. P. Cooper shall well and truly execute the powers committed to him by the said court, for the sale of said premises, and make a faithful appropriation of the proceeds of said sale according to law and his respective duties, then this obligation shall be null and void, otherwise to be and remain in full force and virtue."

An order was duly made by the orphans' court of Bradford county directing the administrator to sell real estate of the decedent for the payment of debts. The real estate was so sold and after payment of debts the balance remaining in the hands of the administrator was $1,242.83. An auditor having been appointed to make distribution of the said sum in the hands of the administrator made a report directing distribution and recommending that the sum of $338.20, which represented the widow's interest in the land, be retained by the administrator during the lifetime of the widow, and at her death be paid to the persons entitled and that the widow should be paid interest annually during her lifetime.

The court made a decree in conformity with the suggestion of the auditor.

600 COMMONWEALTH *v.* McGOVERN et al., Appellants.

Statement of Facts. [4 Pa. Superior Ct.

On the death of the widow it was ascertained that the administrator, F. P. Cooper, was absolutely insolvent and unable to pay the amount in question. Suit was entered on the bond made to the commonwealth for the use of the parties in interest. Defendants filed the following affidavit of defense :

"BRADFORD COUNTY, SS.

"A. C. McGovern and D. M. Brainerd, each being duly sworn, does depose and say, he has a just and full defense to the claim of the plaintiff in the above stated case and says, while it is true as stated in the statement of claim filed in this case, they each signed the bond mentioned in said statement, but did not sign the same for the disposition of the money as subsequently made by the auditor as stated in said complaint.

"It was no part of the duty of the auditor in making the distribution of the said fund to award the same to F. P. Cooper in trust for the said widow, nor to award the same to the said F. P. Cooper as administrator, to be held by him in trust for the said widow and the plaintiffs in this case. Nor did the said auditor have legal authority so to do. Deponents further say, they were not consulted with, nor did they or either of them advise the action of the auditor in finding that the dower interest of the widow should be left in the hands of F. P. Cooper, the administrator, during the lifetime of the widow, and then by said administrator paid to the heir of A. C. Brainerd; nor was it a part of the condition of the said bond upon which this action is founded either in spirit or letter.

"Deponents further say that the leaving of the said fund with F. P. Cooper during the natural life of the said widow, was in pursuance of an agreement made by the said widow and the said F. P. Cooper, without the consent or agreement of these deponents or either of them.

"Deponents further say that at the time of said distribution the said F. P. Cooper was solvent and expected to pay the dower interest of the said widow into court, to await the order of the court respecting the same.

"That on the distribution of the said fund by the said auditor, deponents were relieved of and from any and all further liability of and by virtue of the said bond. That the dower interest of the widow and its final distribution to and among the heirs

of the said A. C. Brainerd, was not, in law or fact a part of the duties of the said administrator, for which said bond was executed by deponents. This was an undertaking on the part of the said Cooper and the widow based upon an independent contract, not embraced within the provisions of said bond.

                                    " A. C. McGOVERN.
                                    " D. M. BRAINERD.

" SUPPLEMENTAL AFFIDAVIT.

" A. C. McGovern and D. M. Brainerd, being severally sworn, doth depose and say, that after the sale of the real estate mentioned in the statement of the plaintiff filed in this case, the orphans' court of Bradford county appointed an auditor to make distribution of the money arising from said sale. The appointment of the auditor for this distribution is not mentioned by the plaintiffs in their statement.

" This distribution was made by S. R. Payne, Esq., which auditor's report was confirmed on the 13th day of December, 1886, The report of the auditor as shown by the records in said case is as follows, with relation to the fund now in dispute :

" 'To be retained by the administrator during the lifetime of the widow, Jane Brainerd, and then at her death to be paid to the persons entitled, one-third of the above balance, to wit, $338.28, the widow to be paid annual interest on same during her lifetime.'

" Deponents further say, the widow, Jane Brainerd, died some time in the year 1892. Deponents are informed that the said F. P. Cooper kept the money by virtue of said auditor's adjudication, all of which was without the assent of deponents, nor was either of the deponents advised with in relation to the awarding of the said money to the said Cooper for the purposes aforesaid.                                    " A. C. McGOVERN.
                                    " D. M. BRAINERD."


Indorsed on the back of supplemental affidavit :

Filed August 27, 1896.—Now, August 27, 1896, this supplemental affidavit allowed to be filed.

The court after argument made the rule for judgment absolute and ordered judgment to be entered in favor of the Commonwealth of Pennsylvania for the amount of the bond claimed

in this suit, to wit, the sum of $2,500, the same to remain for the use of the parties entitled thereto; and in favor of Ethelinda Brainerd, administratrix of S. M. Brainerd, deceased, for the sum of $84.72 and costs; and in favor of Cynthia Allen for the sum of $42.43 and costs, and in favor of Charles M. Hall for the sum of $22.00 and costs. Defendants appealed.

*Error assigned* was in making absolute the rule for judgment in this case.

*H. F. Maynard,* for appellants.—The administrator performed his duty as such and paid the money in his hands as administrator to the parties to whom it was awarded, and the sureties are not responsible for the loss of the money after the court distributed the same: Com. v. Shryock, 15 S. & R. 69; Reed v. Com., 11 S. & R. 441; Com. v. Toms, 45 Pa. 408; Blauser v. Diehl, 90 Pa. 350.

The liability of a surety on an official bond, cannot, without his consent, be extended or enlarged by the obligee or by operation of law: Bensinger v. Wren, 100 Pa. 500; Telegraph Co. v. Lennig, 139 Pa. 594.

An executor or administrator who makes payment in conformity with the decree of the orphans' court, directing distribution, is protected by the decree, and it is immaterial that a refunding bond was not executed from the distributee: Bank v. Yard, 164 Pa. 586.

After the confirmation of the report of the auditor, awarding the money to F. P. Cooper during the lifetime of the widow, it was a complete bar to any action the sureties might have had against the administrator, Cooper, to protect themselves against loss by the insolvency of Cooper. But they were not obliged to give the matter further attention: Stark v. Fuller, 42 Pa. 320.

*W. J. Young,* for appellee.—The affidavits are to be read together as one: Com. v. Snyder, 1 Pa. Superior Ct., 286.

The affidavits of defense consisted in swearing to conclusions of law. This practice cannot be too strongly reprobated: Erie City v. Brady, 127 Pa. 169; Com. v. Snyder, 1 Pa. Superior Ct. 286.

OPINION BY WICKHAM, J., May 10, 1897:

F. P. Cooper, as administrator of the estate of A. C. Brainerd, deceased, on or about January 17, 1885, obtained an order from the orphans' court of Bradford county, authorizing him to sell his intestate's real estate, for the payment of debts. At the time of the issuance of the order, he filed a bond, which was duly approved by the court. It contained the following condition: "The said F. P. Cooper shall well and truly execute the powers committed to him, by the said court, for the sale of the said premises, and make a faithful appropriation of the proceeds of said sale, according to law, and his respective duties." On this bond the appellants are sureties.

The administrator made the sale as directed, and on January 2, 1886, filed his account showing a balance of proceeds, amounting to $1,242.83 in his hands for distribution. The account was confirmed and the court appointed an auditor to make distribution of the balance shown thereby. A. C. Brainerd left to survive him a wife, Jane, who as his widow, was entitled to interest, during her life, on $338.28 of the fund for distribution. The auditor, therefore, after directing payment of the rest of the fund presently, recommended that the above sum should "be retained by the administrator, during the lifetime of the widow, Jane Brainerd, and then at her death to be paid to the persons entitled" and that the widow should be paid interest annually on the same during her lifetime. This recommendation, the defendants allege, was pursuant to an agreement made between the widow and the administrator. The auditor's report was confirmed on December 13, 1886. The widow died in 1892.

After her decease, another auditor was appointed to ascertain the parties entitled, under the first auditor's report to the $388.28, and report distribution. He performed these duties and his report was confirmed on March 6, 1893, and among the distributees therein named are S. M. Brainerd, Cynthia Allen and C. M. Hall. The two parties last named, and the administratrix of S. M. Brainerd, he having since died, are the use plaintiffs in this action. The administrator, before suit brought, became and remained hopelessly insolvent. The above facts sufficiently appear from the statement of claim, the original and supplemental affidavits of the defense, and the records referred to in these several papers.

The defendants allege and contend that, on the confirmation of the first audit, Cooper ceased to hold the $338.28 as administrator; that he must, thereafter be regarded as occupying a new relation towards the fund, and that, therefore, they were discharged as sureties. But, was Cooper, so far as the parties entitled to the fund at the widow's death are concerned, ever divested of his original character? Certainly the literal language of the auditor in regard to this matter, and which practically, constitutes the order of the court, does not sustain the defendants' contention. The money was to be retained by the administrator as such, until it was paid out to the persons entitled.

Nor is there anything in the nature of the transaction which would change his relation to the fund and the heirs. The private arrangement, between himself and the widow, to pay her interest on the funds, and the order of the court ratifying and confirming the same, does not in any way affect the rights of the heirs. The order did not change or enhance the duty he owed to them from the beginning. So far as they are concerned it was such an order as he and his sureties might have anticipated as the result of the coming into his hands of the proceeds of the sale. They are presumed to have known that the court might direct, that the total proceeds of sale should be paid in cash to the administrator. The law does not require the share of the purchase money, on which the widow is to receive interest, to remain charged on the land sold: Zook's Appeal, 54 Pa. 486. By the terms of the bond, the administrator was " to make a faithful appropriation of the proceeds of said sale according to law and his respective duties." The money retained could not be paid out until the widow's death, and then only to the very parties whom the second auditor found to be the persons entitled as heirs of the owner of the land. The only part of the order that concerns the sureties is the requirement to pay $338.28 at the widow's death. This duty, however, the law imposed on the administrator from the beginning. Looking merely at the rights of the heirs, the decrees confirming the auditor's reports were simply declaratory and enforcive of the administrator's original undertakings, and therefore not subjecting his sureties to other or greater liability than they risked when they signed the bond. We need not consider the ques-

tions that might arise were the widow living and suing the appellants for interest.

Under section 14 of the Act of March 29, 1832, P. L. 193, the administrator might have presented his petition to the orphans' court asking for leave to invest the money left in his hands. The court then would have ordered the investment of the fund in one or more of the securities designated in the act, and, by conforming to the order, he and his sureties would have been free from further liability; but he did not choose to pursue this course, consequently the appellants remained and are liable.

Judgment affirmed.